1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTATE OF VERL A BRANTNER,

         Plaintiff,

    v.

OCWEN LOAN SERVICING, LLC,  a
Delaware limited liability company; and
QBE INSURANCE CORPORATION, a
Pennsylvania corporation,

        Defendants.

No.

**COMPLAINT FOR DAMAGES**

COMES NOW plaintiff, ESTATE OF VERL A BRANTNER, by its attorneys, Law Office of William E. Pierson, Jr. | PC, 108 S. Washington St., Suite 202, Seattle, Washington, 98104, and through William E. Pierson, Jr., and hereby presents the following claims.

## I. JURISDICTION AND VENUE

1.1    This lawsuit arises out of a loan in the sum of $161,000.00 that was made by Leader One Financial Corporation to Verl A. Brantner on October 21, 2011 in order to purchase the single family residence located at 20814 Jordan Road, Arlington, Washington (hereinafter the "Arlington residence").

1.2    Defendant, OCWEN LOAN SERVICING, LLC, took over the servicing of

COMPLAINT FOR DAMAGES        Page 1

this loan on or about February 16, 2013.

1.3     Defendant, QBE INSURANCE COMPANY, insured the Arlington residence under a property insurance policy, certificate no. Q-8019252, from December 5, 2013 until December 5, 2014.

## II.  PARTIES

2.1     At all times pertinent to this lawsuit, plaintiff, ESTATE OF VERL A BRANTNER, was an estate formed under the laws of the state of Washington as the result of the death of Verl A. Brantner, a single individual, on November 11, 2013.

2.2     At all times pertinent to this lawsuit, defendant, OCWEN LOAN SERVICING, LLC, was and is a Delaware limited liability company whose principal place of business is located at 1661 Worthington Road, Suite 100, West Palm Beach Florida.

2.3     At all times pertinent to this lawsuit, defendant, QBE INSURANCE CORPORATION, was and is a Pennsylvania corporation whose principal place of business is located at 88 Pine Street, 16th Floor, New York, New York.

## III.  FACTUAL BACKGROUND

3.1     On October 21, 2011 Verl A. Brantner purchased the Arlington residence from Steven and Gail Gardner with a loan from Leader One Financial Corp. in the sum of $161,600.00 (hereinafter the "*Loan*").  In return, Mr. Brantner signed a promissory note secured by a *Deed of Trust*.

3.2     At all relevant times, defendant, OCWEN LOAN SERVICING, LLC ("Ocwen"), serviced the *Loan*.

3.3     In September 2013 the Arlington residence was damaged by vandalism and an insurance claim was submitted to a sister company of defendant. QBE INSURANCE CORPORATION: Meritplan Insurance Company.   However, that insurance claim

COMPLAINT FOR DAMAGES                    Page 2          **Law Office of William E. Pierson, Jr. | PC**
                                                         The Delmar Building
                                                         108 S. Washington St., Suite 202
                                                         Seattle, WA  98104
                                                         Telephone:    (206) 254-0915

remains outstanding to this day.

3.4     On November 11, 2013 Verl Branter passed away.

3.5     On December 5, 2013 Ocwen secured force-placed insurance for the Arlington residence underwritten by QBE.  The Estate of Verl A. Brantner ("Estate") was an additional named insured under QBE's force-placed insurance policy, certificate number Q-8019252.

3.6     On December 10, 2013, the Estate provided Ocwen with a copy of Mr. Brantner's death certificate.

3.7     On February 27, 2014 the Deed of Trust securing the *Loan* on the Arlington residence was assigned to Ocwen.

3.8     On March 23, 2014 the Arlington residence was substantially damaged by a fire (the "fire").

3.9     On June 16, 2014 the attorney for the Estate, James Jameson, wrote Ocwen and notified it of the fire. Mr. Jameson indicated he presumed the insurance proceeds from QBE's force-placed insurance policy had been paid to Ocwen as a result of the fire. Mr. Jameson requested Ocwen to provide the amount of any remaining balance on the *Loan*.  Ocwen acknowledged receipt of this qualified written request for information on July 1, 2014, but never provided the information requested in Mr. Jameson's June 16, 2014 letter.

3.10    Eight (8) months later, on February 19, 2015,  Mr. Jameson once again wrote Ocwen and reiterated his understanding that Ocwen had received insurance proceeds from QBE for the damages done by the fire.  Mr. Jameson once again asked for an outstanding loan balance under the belief that the insurance proceeds should have been sufficient to pay off the *Loan* balance.  Ocwen acknowledged receipt of this request for information on February 27, 2015, but never specifically responded to it by indicating what the outstanding *Loan* balance was as of February 27, 2015.

**Law Office of William E. Pierson, Jr. | PC**
The Delmar Building
108 S. Washington St., Suite 202
Seattle, WA  98104
Telephone:     (206) 254-0915

3.11   Approximately two (2) months later, on April 10, 2015, now over one year after the fire, Mr. Jameson wrote Ocwen to confirm the fact that Ocwen had recently informed him during a telephonic conference call that Ocwen was not aware the residence had been damaged by fire.  This representation by an authorized representative of Ocwen was false.

3.12   Approximately two (2) months later, on or about July 22, 2015, now almost one-and-a half (1½) years after the fire, Ocwen sent a *Notice of Default* to the Estate. That notice contained a representation by Angel Ramos, a contract management coordinator for Ocwen, sworn under penalty of perjury, that: (1) Ocwen had contacted the Estate in accordance with RCW 61.24.031;and (2) the Estate had responded and not requested a meeting with Ocwen.  These representations by Mr. Ramos were false.

3.13   Approximately three (2) months later, on October 14, 2015, now well over one-and-a half (1½) years after the fire, Irene Brantner, the Estate's personal representative, received notification via e-mail that Ocwen had received a payment in reference to the *Loan* in the sum of $132,348.33.  There was no explanation as to who had made this payment, what this payment was for or how it had been calculated.

3.14   On November 25, 2015, again well over one-and-a-half (1½) years after the fire, Ocwen wrote the Estate and claimed it had not been notified of the fire until April 13, 2015.  This representation was false.  Ocwen claimed it had tried on numerous occasions to contact the Estate by phone to discuss the Estate's insurance claim.  This representation was false.  Ocwen claimed that, as of November 25, 2015, Ocwen's records indicated there had been no "recent" contact with the Estate.  This representation was false.

3.15   On December 21, 2015 Ocwen sent the Estate a *Mortgagor – Partial Payoff Affidavit* requesting authorization to apply $132,348.33 in "insurance claim funds" towards the payoff of the *Loan*.  Ocwen also stated an additional payment of $29,251.67

would completely pay off the *Loan*. If agreed to, this would amount to a total payment to Ocwen by the Estate of the sum of $161,600.00, the amount of the original promissory note.

3.16   On January 21, 2016 Irene Brantner returned to Ocwen a duly executed *Mortgagor – Partial Payoff Affidavit*.

3.17   Almost seven months later, on August 12, 2016, Ocwen credited the Estate's account in the sum of $132,348.33 towards the payoff of the *Loan*.

3.18   As of March 17, 2017, Ocwen claims $68,826.87 is still owing on the *Loan*.

## IV.  LIABILITY

### *First Cause of Action Against*
### OCWEN LOAN SERVICING, LLC – *RESPA VIOLATIONS*

4.1   Jurisdiction and venue for this claim is conferred on the United States District Court for the Western District of Washington by virtue of 12 U.S.C. § 2614.

4.2   Defendant, OCWEN LOAN SERVICING, LLC ("Ocwen"), violated 12 U.S.C. §2605(k)(1)(C) in the following particulars:

   a.   Ocwen failed to pursue to conclusion the insurance claim for the vandalism damage sustained by the residence in September 2013.

   b.   Ocwen failed to file an insurance claim with QBE for damage done by the fire until a year after the fire had occurred.

   c.   Ocwen failed to apply insurance proceeds from the fire to the outstanding balance on the *Loan* until 2½ years had passed from the date of the fire.

   d.   The damage to the Arlington residence as a result of the fire rendered the Arlington residence a total loss. The fair market value immediately prior to the fire of the Arlington residence under the valuation clause in QBE's force-placed insurance policy was in excess of $200,000.00. However, Ocwen only valued the loss as a result of the fire to the Arlington residence at $132,348.33, not the full policy limit of $156,033.00.

   e.   Ocwen, in accepting insurance proceeds from QBE without specifically

notifying the Estate that insurance proceeds from QBE were being applied against the outstanding *Loan* balance, destroyed the Estates' right to contest Ocwen's valuation of the damages resulting from the fire under the appraisal provision in QBE's force-placed insurance policy.

### *Second Cause of Action Against*
### OCWEN LOAN SERVICING, LLC – *CONSUMER LOAN ACT*

4.3     Jurisdiction and venue for this claim is conferred on the United States District Court for the Western District of Washington by virtue of 28 U.S.C. § 1367(a).

4.4     Defendant, OCWEN LOAN SERVICING, LLC, services loans on behalf of a lender, RCW 31.04.015(2), and is therefore subject to the Washington Consumer Loan Act, RCW 31.04.025.

4.5     Defendant's, OCWEN LOAN SERVICING, LLC, conduct set out in paragraph 4.2(a)-(f) violated RCW 31.04.290(1)(c) and (e) and WAC 208-620-900(1)(c).

### *Third Cause of Action Against*
### OCWEN LOAN SERVICING, LLC – *CONSUMER PROTECTION ACT*

4.6     Jurisdiction and venue for this claim is conferred on the United States District Court for the Western District of Washington by virtue of 28 U.S.C. § 1367(a).

4.7     Defendant's conduct set out in paragraph 4.2(a)-(f) constituted unfair and deceptive acts or practices in the conduct of trade and commerce in violation of RCW 19.86.020.  RCW 31.04.208.

### *First Cause of Action Against*
### QBE INSURANCE COMPANY – *BREACH OF CONTRACT*

4.8     Jurisdiction for the claims against defendant, QBE INSURANCE COMPANY, is conferred on the United States District Court for the Western District of Washington by virtue of 28 U.S.C. § 1332(a)(1).  All parties to this lawsuit are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**Law Office of William E. Pierson, Jr. | PC**
The Delmar Building
108 S. Washington St., Suite 202
Seattle, WA  98104
Telephone:     (206) 254-0915

4.9     Venue in this matter is properly laid in the Western District of Washington at Seattle by virtue of 28 U.S.C. § 13391(a)(2) and Local Civil Rule 5(e).

4.10    Defendant, QBE INSURANCE COMPANY, failed to properly calculate the actual cash value of the damages sustained by the Arlington residence as a result of the fire.  QBE employees determined the fire rendered the Arlington residence as a total loss, but then failed to ascertain the market value of the property at the time of the fire, thereby violating the valuation clause in QBE's policy.

4.11    In failing to properly calculate the actual cash value of the damages sustained as a result of the fire under the policy, defendant, QBE INSURANCE COMPANY, breached the valuation clause contained in property insurance policy, certificate no. Q-8019252, thereby violating its duties and obligations under WAC 284-30-380(7).

### Second Cause of Action Against
### QBE INSURANCE COMPANY – *CONSUMER PROTECTION ACT*

4.12    Defendant's conduct set out in paragraphs 4.8 – 4.9 violated its duties and obligations under WAC 284-30-380(7) and thereby constitutes an unfair and deceptive act or practice in the conduct of trade and commerce in violation of RCW 19.86.020.

## V.  DAMAGES

5.1     As a proximate result of the wrongful conduct by defendants as alleged in paragraphs 4.2 – 4.12, plaintiffs have sustained property damages, including attorney fees and costs, in an amount to be proven at trial, but not less than $100,000.00.

## VI.  PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against the defendants, jointly and

**Law Office of William E. Pierson, Jr. | PC**
The Delmar Building
108 S. Washington St., Suite 202
Seattle, WA  98104
Telephone:     (206) 254-0915

severally, as follows:

6.1    That plaintiff be awarded all damages proximately caused by the wrongful conduct of defendants which proximately resulted in the damages sustained by plaintiff.

6.2    That plaintiff be awarded prejudgment interest for all liquidated sums of damage plaintiffs have sustained.

6.3    That plaintiff be awarded its attorney fees and costs incurred in the prosecution of this litigation in accordance with 12 U.S.C. §2605(f)(3) and RCW 19.86.090.

6.4    That plaintiff be awarded punitive damages in the sum of $25,000.00 in accordance with RCW 19.86.090.

6.5    For such additional relief as this Court deems just and equitable.

DATED this 14th day of April, 2017.


LAW OFFICE OF
WILLIAM E. PIERSON, JR. | PC


By _____
William E. Pierson, Jr., WSBA No. 13619

Attorneys for Plaintiff
ESTATE OF VERL A. BRANTNER