**Honorable Thomas S. Zilly**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESTATE OF VERL A BRANTNER,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware limited liability company; and QBE INSURANCE CORPORATION, a Pennsylvania corporation,<br><br>Defendants. | No. 2:17-cv-00582-TSZ<br><br>**PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT OCWEN LOAN SERVICING, LLC**<br><br>**NOTE FOR MOTION:**<br>Friday, April 27, 2018 |

## I.  MOTION

COMES NOW plaintiff, ESTATE OF VERL A BRANTNER ("Estate"), and, in accordance with FRCP 26, 34, and 37, hereby moves for this Court to enter an order:

1. Striking defendant's, OCWEN LOAN SERVICING, LLC ("Ocwen"), objections to Request for Production No. 8 contained in plaintiff's *First Requests for Production of Documents* dated July 14, 2017 served on defendant, OCWEN LOAN SERVICING, LLC, in this lawsuit.

2. Compelling Ocwen to produce any and all documents in its possession, custody or control responsive to Request for Production No. 8.

PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT OCWEN LOAN SERVICING, LLC
No. 2:17-cv-00582-TSZ

Page 1

**Law Office of William E. Pierson, Jr. | PC**
The Delmar Building
108 S. Washington St., Suite 202
Seattle, WA  98104
Telephone:   (206) 254-0915

## II. LCR 37 CERTIFICATION

Plaintiff hereby certifies that counsel for the Estate has in good faith conferred counsel for Ocwen in an effort to resolve the dispute that is the subject of this motion without court action. Counsel for the Estate, William E. Pierson, Jr., met with counsel for Ocwen, Ofunne Endoziem, via telephone conference call on January 17, 2018[1].

## III. FACTUAL BACKGROUND[2]

In October, 2011 Verl A. Brantner purchased a single family residence located in Arlington, Washington (the "Arlington residence") with a loan in the sum of $161,600.00 (hereinafter the "*Loan*"). In return, Mr. Brantner signed a promissory note secured by a *Deed of Trust*.

At all relevant times, defendant, OCWEN LOAN SERVICING, LLC ("Ocwen"), serviced the *Loan*.

In November, 2013 Verl Branter passed away.

In December, 2013 Ocwen secured force-placed insurance for the Arlington residence underwritten by defendant, QBE INSURANCE CORPORATION ("QBE"). The Estate was an additional named insured under QBE's policy.

On March 23, 2014 the Arlington residence was substantially damaged by a fire (the "fire").

Approximately three (3) months after the fire, on June 16, 2014, the attorney for the Estate, James Jameson, wrote Ocwen a letter and notified it of the fire. Mr. Jameson indicated he presumed the insurance proceeds from QBE's force-placed insurance policy had been paid to Ocwen as a result of the fire. Mr. Jameson requested Ocwen to provide the amount of any remaining balance on the *Loan*. Two weeks later, on July 1, 2014, Ocwen acknowledged receipt of Mr. Jameson's June 16, 2014 letter but never provided

---

[1] *Declaration of William E. Pierson, Jr.,* ¶5, Ex. C (04/12/2018).

[2] Plaintiff's First Amended Complaint for Damages, Dkt. # 18; *Declaration of David A. Forte* (04/12/2018).

PLAINTIFF'S MOTION TO COMPEL
AGAINST DEFENDANT OCWEN LOAN
SERVICING, LLC
No. 2:17-cv-00582-TSZ

Page 2

**Law Office of William E. Pierson, Jr. | PC**
The Delmar Building
108 S. Washington St., Suite 202
Seattle, WA 98104
Telephone: (206) 254-0915

the information requested in.

Eight (8) months later, on February 19, 2015, Mr. Jameson once again wrote Ocwen a letter and reiterated his assumption that Ocwen had received insurance proceeds for the damages done by the fire. He once again asked for an outstanding loan balance under the belief that the insurance proceeds should have been sufficient to pay off the *Loan* balance. Ocwen acknowledged receipt of Mr. Jameson's second letter a week later, on February 27, 2015, but never specifically responded to it.

Five (5) months later, on September 25, 2015, Ocwen received payment in the sum of $132,348.33 under QBE's policy for damages sustained by the Arlington residence as a result of the fire. However, it wasn't until almost another year had gone by when Ocwen, on August 12, 2016, finally applied these insurance proceeds to the outstanding loan balance under the *Loan*, almost 2½ years after the fire.

## IV. PROCEDURAL BACKGROUND

On July 14, 2017 the Estate served its *First Requests for Production of Documents* on Ocwen[3]. On September 21, 2017, Ocwen responded to this discovery request[4].

In particular, the Estate's Request for Production No. 8 and Ocwen's response read as follows:

> **REQUEST FOR PRODUCTION NO. 8:** Please produce the policies and procedures implemented by Ocwen in accordance with 12 CFR §1024.38 for the handling of insurance claims submitted to a forced place insurer.
>
> **RESPONSE:** Ocwen objects to this Discovery Request on the ground that the information sought is not relevant to any party's claim or defense. Ocwen further objects to this Discovery Request on the ground that it seeks proprietary,

---

[3] *Declaration of William E. Pierson, Jr.,* ¶3, Ex.A (04/12/2018).

[4] *Id.*, ¶4, Ex. B.

PLAINTIFF'S MOTION TO COMPEL
AGAINST DEFENDANT OCWEN LOAN
SERVICING, LLC
No. 2:17-cv-00582-TSZ

Page 3

**Law Office of William E. Pierson, Jr. | PC**
The Delmar Building
108 S. Washington St., Suite 202
Seattle, WA 98104
Telephone: (206) 254-0915

confidential and privileged information. Owen also objects to this Discovery Request as vague, ambiguous, overly broad and burdensome on the grounds that the term "in accordance with" is undefined and lacks specificity and the Discovery Request is not limited by scope or time period.

On January 3, 2018 counsel for the Estate requested a LCR 37(a)(1) discovery conference in order to discuss Ocwen's response to Request for Production No. 8. That conference took place via telephone on January 17, 2018[5].

As a result of this discovery conference, Ocwen agreed to produce documents responsive to Request for Production No. 8 subject to the parties' agreement to a protective order prior to the production of responsive documents[6].

On January 25, 2018 counsel for Ocwen sent counsel for the Estate a draft *Stipulated Protective Order* for review[7].

On February 6, 2018 counsel for the Estate sent a letter to counsel for Ocwen enclosing a revised draft *Stipulated Protective Order* with the following explanation:

> It was my understanding, based on our discussion during our Rule 37 discovery conference on January 17, 2018, that Ocwen, despite the objections it had lodged to Request for Production No. 8 contained in plaintiff's *First Requests for Production of Documents*, would nevertheless produce documents responsive to this discovery request prior to the production of responsive documents. However, in looking at Ocwen's proposed protective order, the following provisions were inserted which plaintiff cannot agree to:
>
> 1.   ¶4.1 states the information disclosed in the documents being produced is for review purposes only and cannot be used in prosecuting this action;

---

[5] *Declaration of William E. Pierson, Jr.,* ¶5, Ex. C (04/12/2018).

[6] *Id.*, ¶6, Ex. D.

[7] *Id.*, ¶7, Ex. E.

PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT OCWEN LOAN SERVICING, LLC
No. 2:17-cv-00582-TSZ

Page 4

**Law Office of William E. Pierson, Jr. | PC**
The Delmar Building
108 S. Washington St., Suite 202
Seattle, WA 98104
Telephone: (206) 254-0915

  2. ¶4.2(c) states the documents produced cannot be shared with plaintiff's experts; and

  3. ¶4.2(f) states the documents may not be shown to witnesses during depositions.

  To reiterate, none of these proposed provisions are acceptable to plaintiff. Attached please find a revised protective order that would be agreeable to plaintiff[8].

On February 7, 2018 counsel for Ocwen responded via e-mail and stated Ocwen needed additional time to respond to the Estate's revised draft *Stipulated Protective Order*[9]. On February 18, 2018 counsel for Ocwen stated Ocwen could not agree to the Estate's revised draft *Stipulated Protective Order*[10].

The Estate has now filed the following motion to compel.

## IV. LEGAL ARGUMENT IN SUPPORT OF PLAINTIFF'S MOTION

Under FHA guidelines applicable to the *Loan*, Ocwen was expected to take all necessary steps to ensure that the fire insurance claim at issue in this lawsuit was filed and settled as expeditiously as possible. As set out above, it took Ocwen two and half years from the date of the fire to file and settle the fire insurance claim, which should have taken three months. As a result, the Estate claims Ocwen violated the federal Real Estate Settlement Procedures Act[11] and the Washington state Consumer Loan Act[12].

The Estate's Request for Production No. 8 asked Ocwen to produce the policies and procedures implemented by Ocwen for the handling of the insurance claim involved in this lawsuit. The basis for this discovery request should be obvious: how in the world

---

[8] *Declaration of William E. Pierson, Jr.,* ¶8, Ex. F (04/12/2018).

[9] *Id.*, ¶9, Ex. G.

[10] *Id.*, ¶10, Ex. H.

[11] 12 U.S.C. §2605(k)(1)(C).

[12] RCW 31.04.290(1)(d); WAC 208-620-900(1)(c).

PLAINTIFF'S MOTION TO COMPEL
AGAINST DEFENDANT OCWEN LOAN
SERVICING, LLC
No. 2:17-cv-00582-TSZ

Page 5

**Law Office of William E. Pierson, Jr. | PC**
The Delmar Building
108 S. Washington St., Suite 202
Seattle, WA 98104
Telephone: (206) 254-0915

did it take Ocwen 2½ years to file and settle the insurance claim arising from the fire?

In response, Ocwen objected on the ground that this information is not relevant to any party's claim or defense in this lawsuit. This objection is wholly without merit. The Estate's expert claims adjuster has opined this claim should have been filed and settled within three months[13]. The Estate believes it is entitled to discover what, if any, policies and procedures Ocwen had in place to process the fire insurance claim at issue to evaluate whether Ocwen followed its own procedures in processing this insurance claim. If it did not, such evidence would demonstrate a violation of the applicable federal and state statutes in this case. If Ocwen did, such information would probably be utilized by Ocwen at trial to defend against the Estate's accusations. Either way, the request for all information regarding these policies and procedures is reasonably calculated to lead to the discovery of admissible evidence at trial.

Ocwen further objects to the Estate's Request for Production No. 8 on the ground that it seeks proprietary, confidential and privileged information. RCW 19.108.010(4), the Washington Uniform Trade Secrets Act, defines "trade secret" as:

> (4) "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:
> (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
> (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Ocwen's policies and procedures regarding how it handles insurance claims submitted to a force-placed insurer is arguably a "process" under RCW 19.108.010(4). Nevertheless, it is hard to imagine how or why Ocwen would want to devise a system of policies and procedure regarding how to file, process and settle insurance claims that would constitute

---

[13] *Declaration of David A. Forte,* ¶26 (04/12/2018).

PLAINTIFF'S MOTION TO COMPEL
AGAINST DEFENDANT OCWEN LOAN
SERVICING, LLC
No. 2:17-cv-00582-TSZ

Page 6

**Law Office of William E. Pierson, Jr. | PC**
The Delmar Building
108 S. Washington St., Suite 202
Seattle, WA 98104
Telephone: (206) 254-0915

a "trade secret" when such a "process" is the subject of significant regulation by federal and state governments. The whole subject of insurance claims handling in the state of Washington is the target of a comprehensive regimen of public regulation that belies any claim that a corporate policy or procedure concerning how to properly file, handle and conclude an insurance claim somehow constitutes a "trade secret". *See e.g.* WAC 284-30.330. Any effort to keep such policies and procedures secret probably qualifies as an unfair trade practice and/or an unfair claims practice as a matter of law. Consequently, Ocwen's claim that the Estate's Request for Production No. 8 seeks proprietary, confidential or privileged information is without any legal basis.

Notwithstanding this, the protective order proposed by Ocwen nullifies the whole purpose behind the Estate's discovery request to begin with. That was probably precisely the point and should not be tolerated by this Court. Ocwen's proposed protective order would:

> 1. Prevent the information disclosed in the documents being produced from being used in prosecuting this action;
>
> 2. Prevent the documents produced from being shared with the Estate's experts; and
>
> 3. Prevent the documents produced from being shown to witnesses during depositions.

Ocwen's proposed protective order essentially attempts to prevent the Estate from using any documents produced in response to Request for Production No. 8 from being used in this lawsuit at all. Such limitations are preposterous since the information sought, as explained above, are reasonably calculated to lead to the discovery of admissible evidence at trial.

Ocwen further objects to the Estate's Request for Production No. 8 on the grounds that it is vague, ambiguous, overly broad and burdensome based on the assertion that the

PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT OCWEN LOAN SERVICING, LLC
No. 2:17-cv-00582-TSZ

Page 7

**Law Office of William E. Pierson, Jr. | PC**
The Delmar Building
108 S. Washington St., Suite 202
Seattle, WA 98104
Telephone: (206) 254-0915

term "in accordance with" is undefined and lacks specificity. The Estate has no objection to removing this phrase, which Ocwen objects to, from the scope of what is being requested by Request for Production No. 8.

Finally, Ocwen objects to the Estate's Request for Production No. 8 on the grounds that it not limited by time period. The relevant time period, based on the time periods at issue in this lawsuit, would be 2013, when force-placed insurance was taken out on the Arlington residence, to 2016, when insurance proceeds received QBE were finally applied by Ocwen to the unpaid balance under the *Loan*.

## V. CONCLUSION

For all of the reasons set out above, all of the objections made by Ocwen to the Estate's Request for Production No. 8 should be stricken, and Ocwen should be ordered to produce within ten (10) days from the date of such order all documents demonstrating all policies and procedures implemented by Ocwen between 2013 and 2016 for the handling of insurance claims submitted to a forced place insurer.

DATED this 12th day of April, 2018.

        LAW OFFICE OF
        WILLIAM E. PIERSON, JR. | PC

        By _____
        William E. Pierson, Jr., WSBA No. 13619

        Attorneys for Plaintiff
        ESTATE OF VERL A. BRANTNER

PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT OCWEN LOAN SERVICING, LLC
No. 2:17-cv-00582-TSZ

Page 8

**Law Office of William E. Pierson, Jr. | PC**
The Delmar Building
108 S. Washington St., Suite 202
Seattle, WA 98104
Telephone: (206) 254-0915

# CERTIFICATE OF SERVICE

I hereby certify that on **April 12, 2018** I served a true copy of the foregoing **PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT OCWEN LOAN SERVICING, LLC** addressed to the following person(s) at his/her last known address indicated below via the following delivery method(s):

**Attorneys for Defendant**
**OCWEN LOAN SERVICING, LLC**

| | |
|---|---|
| Cody M. Weston<br>PERKINS COIE LLP<br>1120 N.W. Couch St., Tenth Floor<br>Portland, OR 97209-4128 | ☒ CM/ECF Filing<br>☐ Legal Messenger<br>☐ E-mail Transmission<br>☐ U.S. Mail |

Ofunne Edoziem
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721

**Attorneys for Defendant**
**QBE INSURANCE CORPORATION**

| | |
|---|---|
| Gabriel Baker<br>Steven D. Jensen<br>JENSEN MORSE BAKER PLLC<br>506 Second Avenue, Suite 1400<br>Seattle, WA 98104 | ☒ CM/ECF Filing<br>☐ Legal Messenger<br>☐ E-mail Transmission<br>☐ U.S. Mail |

_____
William E. Pierson, Jr.

PLAINTIFF'S MOTION TO COMPEL AGAINST DEFENDANT OCWEN LOAN SERVICING, LLC
No. 2:17-cv-00582-TSZ

Page 9

**Law Office of William E. Pierson, Jr. | PC**
The Delmar Building
108 S. Washington St., Suite 202
Seattle, WA 98104
Telephone: (206) 254-0915