UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTATE OF VERL A. BRANTNER,      )
                                 )
                Plaintiff,       )    NO. C17-582-TSZ
                                 )
        v.                       )
                                 )    COURT'S JURY INSTRUCTIONS
OCWEN LOAN SERVICING, LLC, a     )
Delaware limited liability company; )
                                 )
                Defendant.       )
_____ )


        DATED this 31st day of October, 2018.



                                    Thomas S. Zilly
                                    _____
                                    Thomas S. Zilly
                                    United States District Judge

INSTRUCTION NO. 1

Duty of Jury

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.   These instructions will be in three parts:   first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, i.e., what the plaintiff must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case.   To those facts you must apply the law as I give it to you.   You must follow the law as I give it to you whether you agree with it or not.   And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.   That means that you must decide the case solely on the evidence before you and according to the law.   You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.   And you must not read into these instructions or anything I might have said or done any suggestion as to what verdict you should return.   That is a matter entirely for you to decide.

INSTRUCTION NO. 2

Burden of Proof

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.   In determining whether any fact in issue has been proved by a preponderance of the evidence, you should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 3

<u>Evidence</u>


     The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

INSTRUCTION NO. 4

Stipulated Facts

During trial, the parties stipulated to certain facts.   You should consider those facts in addition to other facts which were proved to you at trial.

1.      In October 2011 Verl Brantner purchased a single family residence located in Arlington, Washington (the "Arlington Residence") with a loan in the sum of $161,600.00 (hereinafter the "Loan").

2.      The Loan was secured by a promissory note and deed of trust which were executed in October 2011.

3.      Ocwen acquired the Loan servicing rights on February 16, 2013.

4.      Verl Brantner died in November 2013.

5.      No Loan payments have been made since November 2013.

6.      The Loan became in default in January 2014.

7.      In December 2013 Ocwen procured force-placed insurance from QBE Insurance Corporation ("QBE") covering the Arlington Residence against risk of fire (hereinafter the "Policy").

8.      The force-placed insurance policy from QBE was effective from December 5, 2013 to December 5, 2014.

9.      Plaintiff was designated as the Additional Named Insured on the Policy.

10.      The Policy had a dwelling limit of $156,033.00.

11.     On March 23, 2014, the Property was damaged by a fire.

12.     At the time of the Fire, the outstanding balance of the Loan exceeded the dwelling limit of the QBE Policy.

13.     Around February 2015, James Jameson received a reinstatement quote regarding the Loan.

14.     In February 2015, Irene Brantner received letters of administration making her the personal representative of the Estate.

15.     On March 11, 2015, Mr. Jameson contacted QBE to inform it of the fire.

16.     On or about June 19, 2015, Ocwen sent a Loan payoff quote to James Jameson.

17.     On or about June 24, 2015, Ocwen sent a Loan payoff quote to James Jameson.

18.     James Jameson received the Loan payoff quote dated June 24, 2015.

19.     Ocwen was not the insurer of the QBE Policy.

20.     After valuing the fire loss at $132,348.33, QBE sent to Ocwen a check in the amount of $132,348.33.

21.     On or about September 25, 2015, Ocwen received the $132,348.33 insurance proceeds from QBE.

22.     Ocwen advised Plaintiff of receipt of the $132,348.33 from QBE on or about October 14, 2015.

23.     On or about December 21, 2015, Ocwen sent a partial payoff affidavit to the Estate.

24.     The partial payoff affidavit was signed by Irene Brantner and notarized by Mr. Jameson.

25.     The partial payoff affidavit stated, in pertinent part, that "the additional funds in the amount of $29,251.67 must be submitted to [Ocwen's] Insurance Loss Department along with this completed affidavit in order to pay off and satisfy the loan."

26.     As of August 16, 2018, $80,626.40 remains due and owing on the Loan, and that figure continues to increase as interest and other charges accrue.

# INSTRUCTION NO. 5

## What is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 6

Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.   Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.   The law makes no distinction between the weight to be given to either direct or circumstantial evidence.   It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 7

Use of Requests for Admission

03

04      Evidence was presented to you in the form of admissions to the truth of certain facts.

05

These admissions were given in writing before the trial, in response to requests that were

06

submitted under established court procedures. You must treat these facts as having been

07

proved.

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 8

02                            Credibility of Witnesses

03

04        In deciding the facts in this case, you might have to decide which testimony to believe

05   and which testimony not to believe.   You may believe everything a witness says, or part of it,

06   or none of it.

07        In considering the testimony of any witness, you may take into account:

08

09        1.      the opportunity and ability of the witness to see or hear or know the things about

10   which the witness testified;

11        2.      the witness's memory;

12        3.      the witness's manner while testifying;

13        4.      the witness's interest in the outcome of the case and any bias or prejudice;

14        5.      whether other evidence contradicted the witness's testimony;

15        6.      the reasonableness of the witness's testimony in light of all the evidence; and

16        7.      any other factors that bear on believability.

17        These are some of the factors you may consider in deciding whether to believe

18   testimony.

19        The weight of the evidence presented by each side does not necessarily depend on the

20   number of witnesses who testify.

21

22

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 9

<u>Notes</u>


     Some of you have taken notes during the trial.   Whether or not you took notes, you should rely on your own memory of what was said.   Notes are only to assist your memory. You should not be overly influenced by the notes.

INSTRUCTION NO. 10

<u>Opinion Evidence</u>

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

<u>Corporations</u>

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

INSTRUCTION NO. 12

Summary of Claim

03

04    The Plaintiff, the "Estate of Brantner," brings this lawsuit against Defendant Ocwen

05 Loan Servicing LLC ("Ocwen") for a claim under the Washington Consumer Protection Act

06 ("CPA"). Estate of Brantner claims that Ocwen violated the CPA by (a) not timely filing an

07 insurance claim for the March 2014 fire damage to the Arlington Residence, (b) not applying

08 proceeds received from the insurance company in a more expedient manner, (c) not valuing the

09 Arlington Residence up to the maximum insurance policy limit, and (d) not explaining to the

10 Estate of Brantner why it applied less than the maximum insurance policy limit, leaving the

11 Estate of Brantner unable to contest Ocwen's valuation of the damages resulting from the fire.

12    For purposes of this action, the Arlington Residence is the real property commonly

13 known as 20814 Jordan Road, Arlington, Washington 98223.

14    Ocwen denies Plaintiff's claim, and it further denies the Estate of Brantner is entitled to

15 its claimed damages.   The foregoing is merely a summary of the claim and defense of the

16 parties.

17    You are not to take the same as proof of the matters claimed, and you are to only

18 consider those matters that are admitted or established by the evidence.   These claims and

19 defenses have been outlined solely to aid you in understanding the issues.

20

21

22

INSTRUCTION NO. 13

<u>Plaintiff's Claim – Violation of Consumer Protection Act</u>

      The Estate of Brantner alleges a violation of the Washington Consumer Protection Act. To prevail on its claim under the CPA, the Estate of Brantner must prove each of the following elements by a preponderance of the evidence:

    1.    Defendant engaged in an unfair or deceptive act or practice;

    2.    The act or practice occurred in the conduct of Defendant's trade or commerce;

    3.    The act or practice affected the public interest;

    4.    Plaintiff was injured in either its business or its property; and

    5.    Defendant's act or practice was a proximate cause of the Estate of Brantner's injury to business or property.

      You are instructed that the second element has been established as a matter of law because this claim involves consumer loan servicing and insurance.   If you find from your consideration of all the evidence that any of the other elements, namely the first, third, fourth, and fifth elements, have not been proved, your verdict should be for Defendant.   On the other hand, if you find that all of these elements have been proved, your verdict should be for the Estate of Brantner.

INSTRUCTION NO. 13A

<u>First Element – Unfair or Deceptive Act or Practice</u>

      In order to prove that Ocwen engaged in an unfair or deceptive act or practice, it is sufficient to show that the act or practice had the capacity to deceive a substantial portion of the public.   The Estate of Brantner does not need to show that the act or practice was intended to deceive.

INSTRUCTION NO. 13B

<u>First Element – Per Se Violation</u>

A violation of another statute, the Washington Consumer Loan Act, is also an unfair or deceptive act or practice in the conduct of Ocwen's trade or commerce. A violation of this statute also affects the public interest.

The pertinent sections of the Washington Consumer Loan Act that apply in this case provide that all residential mortgage loan servicers must:

1.      Collect and make all such payments from the escrow account and ensure that no late penalties are assessed or other negative consequences result for the borrower, if the residential mortgage loan servicer exercises the authority to collect escrow amounts on a residential mortgage loan held for the borrower for payment of insurance, taxes, and other charges with respect to the property;

2.      Promptly correct any errors and refund any fees assessed to the borrower resulting from the servicer's error; and

3.      Notify the borrower if a payment is received but not credited and instead placed in a suspense account. The notification must be mailed to the borrower within ten business days at the borrower's last known address. The notification must identify the reason the payment was not credited or treated as credited to the account, as well as any actions the borrower must take to make the residential mortgage loan current.

For purposes of this paragraph 3, the term "payment" means payment of principal, interest, escrow amounts, and other amounts due to the lender.

For purposes of the Estate of Brantner's CPA claim, based on the CLA, a "borrower" is any person who consults with or retains a licensee or person in an effort to obtain, or who seeks information about obtaining a loan, regardless of whether that person actually obtains such a loan.   A "borrower" also includes a person who consults with or retains a licensee or person in an effort to obtain, or who seeks information about obtaining a residential mortgage loan modification, regardless of whether that person actually obtains a residential mortgage loan modification.

INSTRUCTION NO. 13C

Third Element – Public Interest


An act or practice "affects the public interest" if the act or practice:

1.      violates the CLA as described above in Instruction 13B; or

2.      injured other persons; or

3.      had the capacity to injure other persons.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 13D

Fourth Element – Injury to Business or Property

 

The Estate of Brantner has suffered an "injury" if its business or property has been injured to any degree.

Under the Consumer Protection Act, the Estate of Brantner has the burden of proving that it has been injured, but no monetary amount need be proved and proof of any injury is sufficient, even if expenses or losses caused by the violation are minimal.

Injuries to business or property include financial loss, injuries to business or property do not include physical injury to a person's body, pain or suffering or emotional distress.

INSTRUCTION NO. 13E

<u>Fifth Element – Proximate Cause</u>

     The Estate of Brantner has the burden of proving that Ocwen's unfair or deceptive act or practice was a proximate cause of the Estate's injury. "Proximate cause" means a cause which in direct sequence, unbroken by any new independent cause, produces the injury complained of and without which such injury would not have happened.

     There may be more than one proximate cause of an injury.

INSTRUCTION NO. 14

Agent and Principal – Definition


An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.   The other person is called a principal.

INSTRUCTION NO. 15

Agent – Scope of Authority Defined

        An agent is acting within the scope of authority if the agent is engaged in the

performance of duties which were expressly or impliedly assigned to the agent by the

principal.

INSTRUCTION NO. 16

Measure of Damages

03

04      It is the duty of the Court to instruct you as to the measure of damages.   By instructing

05   you on damages, the Court does not mean to suggest for which party your verdict should be

06   rendered.   If you find for Estate of Brantner on its CPA claim, you must determine the Estate

07   of Brantner's damages.   Estate of Brantner has the burden of proving damages by a

08   preponderance of the evidence.   Damages means the amount of money that will reasonably

09   and fairly compensate Estate of Brantner for any injury you find was caused by Defendant.   It

10   is for you to determine, based upon the evidence, what damages, if any, have been proved.

11   Your award of damages must be based upon evidence and not upon speculation, guess, or

12   conjecture.

13

14      If your verdict is for Estate of Brantner on its CPA claim, you may award any actual

15   damages proved by Estate of Brantner.   For purposes of Estate of Brantner's CPA claim,

16   actual damages may consist of any financial loss, including the interest paid on the mortgage,

17   late fees and penalties, the costs of investigation, and the cost of professional services to

18   correct any errors causally related to the unfair or deceptive act or practice.

19      You may not award damages on this claim for noneconomic damages.

20

21

22

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 17

<u>Deliberation</u>

Upon retiring to the jury room for your deliberation of this case, your first duty is to

select a presiding juror to act as chairperson.   It is his or her duty to see that discussion is

carried on in a sensible and orderly fashion, that the issues submitted for your decision are

fully and fairly discussed, and that every juror has a chance to express himself or herself and

participate in the deliberations upon each question before the jury.

You will be furnished with all the exhibits, these instructions and a suitable form of

verdict.

All of you must agree upon a verdict.   When you have so agreed, fill in the proper form

of verdict to express the results of your determination.   The presiding juror will sign and date

it and announce your agreement to the clerk who will conduct you into court to declare your

verdict.

INSTRUCTION NO. 18

<u>Reaching Agreement</u>


Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.   But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.   Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these Instructions.

# INSTRUCTION NO. 19

## Consideration of Evidence Conduct of Jury

Because you must base your verdict only on the evidence received in the case and on

these instructions, I remind you that you must not be exposed to any other information about

the case or to the issues it involves. Except for discussing the case with your fellow jurors

during your deliberations:

Do not communicate with anyone in any way and do not let anyone else

communicate with you in any way about the merits of the case or anything to do with it.

This includes discussing the case in person, in writing, by phone or electronic means,

via email, via text messaging, or any internet chat room, blog, website or application,

including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn,

Snapchat, or any other forms of social media. This applies to communicating with your

family members, your employer, the media or press, and the people involved in the trial.

If you are asked or approached in any way about your jury service or anything about

this case, you must respond that you have been ordered not to discuss the matter and to

report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary

about the case or anything to do with it, although I have no information that there will

be news reports about this case; do not do any research, such as consulting dictionaries,

searching the Internet, or using other reference materials; and do not make any

investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

# INSTRUCTION NO. 20

## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.   No member of the jury should ever attempt to communicate with me except by a signed writing.   I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.   Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

If you send a note to me, there will be some delay in my response because I will discuss the note with the lawyers before preparing a response.

INSTRUCTION NO. 21

<u>Verdict</u>


     After you have reached unanimous agreement on a verdict, your presiding juror will fill in, date, and sign the verdict form and advise the Court that you have reached a verdict.