UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ESTATE OF VERL A. BRANTNER,

    Plaintiff,

v.

OCWEN LOAN SERVICING LLC,

    Defendant.

C17-582 TSZ

JURY QUESTION

See next page.

JURY QUESTION- 1

Is Instruction 13A asking us to:

(A) Determine whether the specific act(s) or practice(s) taken by Ocwen in ~~act(s) taken~~ this particular case, as they affect the Estate of Brantner in particular, has the capacity to deceive a substantial portion of the public who may or may not actually be involved with either the Estate of Brantner or Ocwen.

OR, ALTERNATIVELY:

(B) Determine whether the act(s) or practice(s) taken by Ocwen could be interpreted by a substantial portion of the public as being deceptive (i.e. that they would be deceived if the act(s) or practice(s) were applied to them rather than the Estate of Brantner)?

Presiding Juror/Chairperson

JURY QUESTION- 2

In order to show that "the act or practice had the capacity to deceive" in Instruction BA, is it sufficient ~~to show~~ that each juror affirm an unfair or deceptive act or practice, which may be a different act or practice from juror to juror, or is it instead necessary that the jurors reach consensus with respect to the particular act(s) or practice(s)?

Presiding Juror/Chairperson

JURY QUESTION- 3

RE: Instruction 13A:

Given that the specific act(s) or practice(s) discussed in this case specifically affect the Estate of Brantner in particular, ~~at least~~ not necessarily to the exclusion of any other parties, how are we to interpret the instructions that refer to a "substantial portion of the public"?

Presiding Juror/Chairperson

Answer:

In deciding whether an unfair or deceptive act or practice as defined in Instruction No. 13A has been proven, you should ask yourself whether a substantial portion of the public might have been deceived if the act or practice at issue was applied to those members of the public. You must all agree on which act or practice, if any, had the requisite capacity to deceive a substantial portion of the public.

Dated this 1st day of November, 2018.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

JURY QUESTION- 5