# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ESTATE OF VERL A. BRANTNER,

Plaintiff,

v.

OCWEN LOAN SERVICING LLC, and QBE INSURANCE CORPORATION,

Defendants.

C17-582 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Award of Attorney's Fees and Costs, docket no. 102. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

Initiated this lawsuit in April of 2017. Compl., docket no. 1. In the operative complaint, filed in December 2017, Plaintiff alleged three claims against Defendant Ocwen Loan Servicing, LLC ("Ocwen") for violations of the Real Estate Settlement Procedures Act ("RESPA"), the Washington Consumer Protection Act ("CPA"), and the Washington Consumer Loan Act ("CLA"). The complaint also alleged three claims

ORDER - 1

against codefendant QBE Insurance Corporation ("QBE") including breach of contract, violation of the CPA, and violation of the Washington Insurance Fair Conduct Act. All six of Plaintiff's claims arose from the same set of facts surrounding the purchase of force-placed insurance on a house in Arlington, Washington that was ultimately destroyed by a fire. Compl., docket no. 18, ¶¶ 3.1-3.18. As the mortgage servicer, Ocwen purchased the insurance from codefendant QBE, and after the destruction of the house, Plaintiff was unable to obtain information from Ocwen regarding insurance proceeds and their application to the outstanding mortgage balance. As a result, Plaintiff alleged that Ocwen violated various statutory and regulatory duties to Plaintiff and misled Plaintiff, ultimately resulting in a larger balance remaining due on the mortgage than if Ocwen had promptly communicated information about the insurance proceeds to Plaintiff and applied those proceeds to the balance. Plaintiff's claims against QBE focused on a narrower issue—whether QBE accurately valued the fire damage under Ocwen's force-placed insurance policy. *Id.* ¶¶ 4.8-4.14. Plaintiff settled with and dismissed QBE in May 2018. Stipulated Motion of Dismissal, docket no. 37.

In pre-trial proceedings, the Court dismissed Plaintiff's RESPA claim as a matter of law, (Minute Entry, docket no. 68), and consolidated Plaintiff's remaining claims by treating the CLA claim as a claim for a per se violation of the CPA. *See* Jury Instructions, docket no. 75, Instructions 13, 13A, and 13B.

After trial, the jury returned a verdict which found that Plaintiff proved both (1) an unfair or deceptive act or practice under the CPA and (2) that Plaintiff proved a per se violation of the CPA via a violation of the CLA. Verdict, docket no. 83. The jury

awarded $88,159.40 in damages, and the Court entered judgment reflecting the jury's verdict. Judgment, docket no. 85. Ocwen filed a notice of appeal, after which Plaintiff moved for the Court to impose punitive damages under RCW 19.86.090. Motion for Imposition of Punitive Damages, docket no. 91. The Court granted the motion, (Minute Order, docket no. 99), and entered amended judgment in the amount of $113,159.40, (Amended Judgment, docket no. 100). The parties appealed from the amended judgment, and Plaintiff now moves for attorney's fees.

Plaintiff initially sought $78,295 in fees and $3,545.25 in costs. Mot. for Fees, docket no. 102, at 6. On reply, Plaintiff conceded that several entries related exclusively to Plaintiff's RESPA claim, and those entries—totaling $1,050—were withdrawn from Plaintiff's request. Supplemental Declaration of William E. Pierson, Jr. ("Supp. Pierson Decl."), docket no. 108, ¶ 12. Plaintiff also conceded that $646.50 of fees were solely attributable to claims against QBE and withdrew that amount. *Id.* However, Plaintiff added $2,100 in fees incurred in connection with the instant motion for fees. *Id.* Plaintiff also conceded that several claimed costs are not recoverable under 28 U.S.C. § 1920 and RCW 4.84.010, and withdrew $2,543.53 of costs. *Id.* Ultimately, Plaintiff modified its request for $78,697.50 in fees and $1,031.67 in costs for a total of $79,729.17. *Id.*; *see also* Reply, docket no. 107, at 7.

**Discussion**

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). "In Washington, attorney fees may be awarded when authorized by a

ORDER - 3

contract, a statute, or a recognized ground in equity." *Kaintz v. PLG, Inc.*, 147 Wn. App. 782, 785, 197 P.3d 710 (2008). Recovery for reasonable attorney's fees is authorized by the CPA. RCW 19.86.090.

Having established that Plaintiff is entitled to fees, the Court must ensure that such fees are reasonable, as calculated under the "lodestar" method. Under this method, the fee is calculated by multiplying the number of hours reasonably expended in the matter by a reasonable hourly rate. *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 594, 675 P.2d 193 (1983). The Court, however, should not award fees for "hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time." *Id.* at 203. Plaintiff bears the burden of proving the reasonableness of its fee request. *See Mahler v. Szucs*, 135 Wn.2d 398, 433-34, 957 P.2d 632 (1998).

**I.     Reasonableness of Hourly Rate**

The Court finds that the hourly rate of $350 charged by Plaintiff's counsel is reasonable. A lawyer's customary rate is generally presumed to be reasonable. *Bowers*, 100 Wn.2d at 597 ("Where the attorneys in question have an established rate for billing clients, that rate will likely be a reasonable rate."). Defendant Ocwen has not produced any contrary evidence that the claimed rate is unreasonable, and the rate is consistent with this Court's own knowledge and experience regarding reasonable rates in the Puget Sound region. *See, e.g.*, *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (affirming district court's reliance, in part, on its own knowledge and experience regarding customary and proper fees); *see also* Declaration of William E. Pierson, Jr. ("Pierson Decl."), docket no. 103, ¶ 5 (describing Plaintiff's counsel's education at the

University of Washington, multiple bar admissions, and decades of practice in the Seattle area).

## II. Reasonableness of Hours Spent

Next, the Court turns to the reasonableness of the hours spent on the litigation. The approximately 230 hours of time Plaintiff's counsel claims to have spent on the litigation appears reasonable, and Defendant Ocwen does not take issue with the aggregate amount of time. However, as the parties both acknowledge, the Court must segregate time spent on Plaintiff's CPA claim from time dedicated to other claims. *Travis v. Washington Horse Breeders Ass'n, Inc.*, 111 Wn.2d 396, 410, 759 P.2d 418 (1988). The Court must also segregate time spent pursuing claims against codefendants. *Loeffelholz v. Citizens for Leaders with Ethics & Accountability Now*, 119 Wn.App. 665, 690-91, 82 P.3d 1199 (2004). A reduction is not always necessary where claims are so related that no reasonable segregation is possible. *Hume v. American Disposal Co.*, 124 Wn.2d 656, 673, 880 P.2d 988 (1994).

### A. *Other Claims*

Plaintiff did not prevail on its RESPA claim, which was dismissed before trial. Minutes of Proceedings, docket no. 68. Although there is a great deal of overlap in the facts underlying all three claims against Ocwen, some segregation is possible. Ocwen purports to have identified several time entries connected to the RESPA claim totaling $3,000 and asks that they be excluded from Plaintiff's recovery. Response, docket no. 105, at 9-10. For the most part, however, the entries identified by Ocwen involved drafting correspondence that was relevant to both the RESPA claims and to Plaintiff's

ORDER - 5

CPA and CLA claims. For example, Plaintiff's correspondence on January 9, 2017 and Ocwen's response on February 17, 2017 were both an attempt to submit a "qualified written request" for purposes of RESPA, and to correspond with Ocwen about its handling of insurance proceeds generally, i.e., the issue at the core of Plaintiff's CPA and CLA claims. Ocwen's suggestion that other entries related to discovery motion practice and deposition testimony—such as entries related to analyzing Ocwen's answer, reviewing initial disclosures, and reviewing responses to discovery requests—are related to the RESPA claim and are segregable similarly falls flat. These entries may have involved some work related to the RESPA claims, but they are so factually and legally intertwined with Plaintiff's CPA and CLA claims that they cannot be reasonably segregated from the fee request. It would be unnecessarily complex to attempt such segregation, given the overlap between the claims. *See Kastanis v. Educational Employees Credit Union*, 122 Wn.2d 483, 500, 859 P.2d 26, 68 (1993) (rejecting unsegregated award where it did not appear unnecessarily complex to segregate). Ocwen does not identify what percentage of the time included in these entries was solely attributable to RESPA claims, and Ocwen's proposal to impose an across-the-board 5/6ths reduction to Plaintiff's attorney's fees is neither reasonable nor fair. Plaintiff's decision to identify the subset of entries identified by Ocwen that related solely to the RESPA claim and to deduct those entries—totaling $1,050—is appropriate. *See* Supp. Pierson Decl., docket no. 108, ¶ 12. Further segregation would be unnecessarily complex.

B.  *Other Defendants*

Although the claims against QBE should not be considered a "loss" due to Plaintiff's settlement with QBE, it is possible that some of the time entries prior to QBE's settlement involved work connected to the claims against QBE and must be excluded. Plaintiff purports to have excluded any fees incurred in in pursuit of claims against QBE. Pierson Decl., docket no. 103, ¶ 6. Ocwen has identified additional entries that appear to include work that may have involved claims against QBE. Response, docket no. 105, at 5. Plaintiff subsequently withdrew its request for some of the fees identified by Ocwen, totaling $647.50. Supp. Pierson Decl., docket no. 108, ¶ 12. The Court has reviewed the disputed entries and finds that while they represent closer to $910 of fees, they appear to relate to claims against both defendants. Therefore Plaintiff's decision to deduct more than half of the total was likely more conservative than necessary. Plaintiff does not indicate whether it deducted any time from earlier time entries, for example the drafting of the complaint or client and witness interviews, to account for time spent on claims against QBE. Because these entries occurred before QBE's dismissal, the Court finds that a further reduction is warranted. But because the claims against QBE represented a relatively narrow issue in the case and because counsel's work investigating the underlying facts cannot be reasonably segregated, the Court finds that a $500 reduction is the only additional segregation that is reasonable.[1]

---

[1] Ocwen also argues that Plaintiff's award should be offset by the amount of its settlement with QBE. Such further reduction would be inappropriate given that the Court and the parties have already excluded

### III. Costs

In its reply brief, Plaintiff has conceded the cost arguments advanced by Ocwen and has abandoned its request for research fees, travel expenses, and deposition transcripts. Supp. Pierson Decl., docket no. 108, ¶ 11. The Court finds that half of the filing fee is attributable to claims against QBE, and will reduce the cost award by an additional $200.

### Conclusion

For the foregoing reasons, the Court ORDERS:

(1) Defendant Ocwen is ORDERED to pay Plaintiff's attorneys fees in the amount of $78,197.50 and costs in the amount of $831.67.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 8th day of April, 2019.

Thomas S. Zilly
United States District Judge

---

fees attributable to Plaintiff's claims against QBE, and Ocwen cites no authority that an offset or further reduction is required here.